**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES C. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-361-GPM |
| | ) |
| ANDRE HENSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff James C. Nelson brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* (Doc. 3). The Court finds that he is, in fact, indigent; thus, this motion is **GRANTED**.[1]

Nelson states that late on the evening of August 7, 2008, he was subjected to a traffic stop by Defendants Andre Henson and Patrick Henson, allegedly for a seat belt violation. After Nelson produced his license, but before he could pull out the insurance card, one officer asked for permission to search the vehicle. Nelson queried why such a search was needed, which apparently provoked the officer. Nelson was ordered out of the car, after which he was taken into custody on unspecified charges. Nelson now claims that this traffic stop and subsequent arrest was done without probable cause, in violation of his constitutional rights, for which he seeks an unspecified

---

[1] According to the record in this case, Nelson was in custody at the Marion County Jail at the time he filed this action, but he since has been released and now resides in Alton, Illinois. Thus, the Court cannot assess and collect the filing fee pursuant to the statutory formula. *See* 28 U.S.C. § 1915(b).

form of relief.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for each defendant within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk of Court is **DIRECTED** to send Plaintiff THREE (3) USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **ANDRE HENSON, PATRICK HENSON,** and **EAST ST. LOUIS POLICE DEPARTMENT**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **ANDRE HENSON, PATRICK HENSON,** and **EAST ST. LOUIS POLICE DEPARTMENT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the East St. Louis Police Department who no longer can be found at the work address provided by Plaintiff, the Department shall furnish the Marshal with that defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should

a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Department pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after any change in address occurs. Plaintiff's failure to do so will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 12/15/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge