IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES C. NELSON, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:09-cv-361-GPM-DGW
 )
ANDRE HENSON, et al., )
 )
    Defendants. )
 )
 )

## ORDER

Now pending before the Court are Plaintiff James C. Nelson's Motions to Amend the Complaint (Doc. 17) and Motion to Strike the Reply to the Motion to Dismiss (Doc. 35).

### MOTION TO AMEND THE COMPLAINT

Plaintiff's Motion to Amend the Complaint (Doc. 17) is **GRANTED**. Plaintiff did not file a proposed amended complaint with his motion. Instead, the body of the motion to amend contains Plaintiff's proposed amended complaint. Although Plaintiff should have submitted his proposed amended complaint as a separate document, the Court will read the body of the Motion to Amend as the amended complaint.

### MOTION TO STRIKE

The Court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored, however, and will be denied unless the portion of the pleading at issue is prejudicial. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Tektel, Inc. v.*

*Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial."). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Plaintiff contends that the Defendants' Reply to the Motion to Dismiss contains impertinent and scandalous matters and should be stricken pursuant to Fed. R. Civ. P. 12(f). Plaintiff argues that the Defendants' statements in the reply are false and that Defendants are attempting to "apply case law where it clearly does not belong." The Court has reviewed the Defendants' reply and does not find that Defendants raise any impertinent or scandalous matters in the document. Nor does the Court find any false statements of fact. The reply contains cogent and well-supported legal arguments. An argument is not impertinent or scandalous merely because the Plaintiff disagrees with it. Accordingly, Plaintiff's Motion to Strike the Reply (Doc. 35) is **DENIED**.

**DATED: March 3, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**