# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-361-GPM |
| | ) |
| ANDRE HENSON, PATRICK HENSON, | ) |
| EAST ST. LOUIS POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court takes judicial notice of Document 18 in Southern District of Illinois Case No. 10-750-MJR, a letter from James N. Cross of the Federal Bureau of Prisons to the United States Attorney for the Southern District of Illinois. The United States filed the letter to Notice the death of James C. Nelson, Reg. No 08129-025, who was incarcerated at Greenville Federal Correctional Institution and died on July 4, 2011 from natural causes. James C. Nelson, who was a party in Case No. 10-750-MJR, is the Plaintiff in this action. The Court therefore takes judicial notice that Plaintiff in this action is deceased.

Mr. Nelson's action here is made pursuant to 42 U.S.C. § 1983. Mr. Nelson claimed that on August 7, 2008, during the course of a traffic stop, he was arrested without a warrant and improperly held in custody by the East St. Louis Illinois Police Department for over five hours (Doc. 17).[1] Mr.

---

[1] This arrest and subsequent search of the vehicle yielded crack cocaine and a firearm, the possession of which Mr. Nelson was criminally prosecuted for and convicted of. Southern District of Illinois Case No. 08-30266-MJR. Defendants in this action have filed a motion to

Nelson did not specify the relief sought for this "post-arrest detention violation" (Doc. 17).

Section 1983 "is silent on whether a decedent's constitutional claims survive his death and on the issue of the appropriate measure of damages. Therefore, the court is to look to the most closely analogous state law to determine survivability." *Bass ex rel. Lewis v. Wallenstein,* 769 F.2d 1173, 1188 (7th Cir. 1985). "When analyzing the survivability of § 1983 claims, we therefore apply the state survival statute unless it is inconsistent with federal policy." *Bentz v. City of Kendallville,* 577 F.3d 776, 778 (7th Cir. 2009). The Court must characterize Mr. Nelson's § 1983 claim as an appropriate Illinois tort–without molding the § 1983 claim to fit within the parameters of Illinois law–then, determine whether the claim survives under Illinois's survival statute, 755 ILCS 5/27-6. *Bentz,* 577 F.3d at 779.

In *Bentz v. City of Kendallville,* the Seventh Circuit Court of Appeals analogized a similar § 1983 claim, for unconstitutional search and seizure, to the Indiana tort of false imprisonment. *Bentz,* 577 F.3d at 779. Looking to Indiana's definition of false imprisonment, the Seventh Circuit determined that "a plaintiff may establish both a § 1983 claim and an Indiana false imprisonment claim where his freedom of movement was limited or restrained in some way without probable cause." *Id.* at 780. In Illinois, "[f]alse arrest or false imprisonment is the unlawful restraint of an individual's personal liberty. The elements of false arrest are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Gauger v. Hendle,* No. 2-10-0316, 2011 WL 2578186, at *17, n.6 (Ill.Ct.App. June 28, 2011) (internal citations and quotations omitted). Because the elements of a Fourth Amendment reasonable seizure claim and the elements of an Illinois false

---

dismiss Mr. Nelson's claims on the basis of *Heck v. Humphrey,* 512 U.S. 477 (1994).

imprisonment claim are so similar, Mr. Nelson's claim comfortably translates into an Illinois false imprisonment tort.

The next issue is whether the tort of false imprisonment survives the claimant's death under Illinois's survival statute–it does not.[2]  *See Kent v. Muscarello,* 293 N.E.2d 6, 8 (Ill.Ct.App. 1973) (Declining to extend the survival statute to include actions for false imprisonment and malicious prosecution). While "actions against officers" do survive under Illinois's survival statute, a police officer is not an "officer" contemplated by the statute. *Id.* at 8 ("The mere fact that the complaint denominated them as 'police officers' does not control. At common law a policeman is not an 'officer'"). Plaintiff James C. Nelson's action here is thus extinguished. The action is **DISMISSED with prejudice** and all pending motions will be termed as **MOOT**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 8/3/2011

s/ *G. Patrick Murphy*  
G. PATRICK MURPHY  
United States District Judge

---

[2] Actions which survive pursuant to 755 ILCS 5/27-6: "In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6-21 of 'An Act relating to alcoholic liquors.'"